IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MOHAMMED ABDUL RAHMAN AL-SHIMRANI, *et al.*, *Petitioners*,<br><br>v.<br><br>GEORGE W. BUSH, *et al.*, *Respondents*. | Civil Action No. 05-2249 (RMC)<br><br>ORAL ARGUMENT REQUESTED |

**PETITIONERS' (1) MEMORANDUM IN OPPOSITION TO RESPONDENTS' MOTION TO STAY PROCEEDINGS PENDING RELATED APPEALS; (2) MEMORANDUM IN OPPOSITION TO RESPONDENTS' MOTION TO STAY ORDER TO SHOW CAUSE PENDING RESOLUTION OF RESPONDENTS' MOTION TO STAY PROCEEDINGS; AND 3) REPLY TO RESPONDENTS' MEMORANDUM IN OPPOSITION TO PETITIONERS' MOTION FOR WRIT OF HABEAS CORPUS OR ORDER TO SHOW CAUSE**

**PROCEDURAL BACKGROUND**

On November 17, 2005, undersigned counsel filed a Petition for Writ of Habeas Corpu*s* and Complaint for Declaratory and Injunctive Relief (the "Petition") on behalf of Mr. Al-Shimrani. On December 20, 2005 undersigned counsel moved for the immediate issuance of a Writ of Habeas Corpus or and Order to Show Cause. This Court issued an Order to Show Cause on December 23, 2005 requiring Respondents to show cause why the petition should not be granted and the writ issued by January 12, 2006. On December 29, 2005, Respondents moved to stay proceedings in this matter pending appeals in other Guantanamo cases.

**ARGUMENT**

I.  **The Court Should Not Grant a Stay While Mr. Al-Shimrani Languishes in Guantanamo Bay Without Charge**

The Government seeks stay proceedings in Mr. Al-Shimrani's challenge to his indefinite detention pending resolution of all appeals in *Khalid v. Bush*, *Boumediene v. Bush*, Nos. 04-CV-1142 (RJL), 04-CV-1166 (RJL), 355 F. Supp. 2d 311 (D.D.C. 2005), appeals docketed, Nos. 05-5062, 05-5063 (D.C. Cir. Mar. 2, 2005), *and In re Guantanamo Detainee Cases*, No. 02-CV-0299, et al., 355 F. Supp. 2d 443 (D.D.C. 2005), appeal on petition for interlocutory appeal, No. 05-5064 (D.C. Cir. Mar. 10, 2005).

A party seeking a stay of all judicial proceedings "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *accord Dellinger v. Mitchell,* 442 F.2d 782, 786-87 (D.C. Cir. 1971). Thus, "[i]n deciding to stay proceedings indefinitely, a trial court must first identify a pressing need for the stay and "then balance interests favoring a stay against interests frustrated by the action." *Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997); *see Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir. 1971) ("The right to proceed in court should not be denied except under the most extreme circumstances.")

Here the government has made no such showing of hardship if the case proceeds with which to balance against the very real injury to Mr. Al-Shimrani. The Respondents' main theme in favor of a stay is that judicial efficiency will be served by waiting to see if the Court of Appeals reverses Judge Green's decision in *In re Guantanamo Detainee Cases*. Any balancing of harms must begin with the undeniable fact that Petitioner Al-Shimrani has been incarcerated virtually *incommunicado* for over four years without charge, access to counsel or fundamental minimal due process protections.

Furthermore, the government has recently released official documents confirming reports from released detainees and news organizations that Guantánamo detainees have been subject to systematic physical and mental abuse that can only be described as torture.[1] In effect, a stay would virtually guarantee that Mr. Al-Shimrani would be forced to endure a continued lengthy indefinite detention under widely publicized and admittedly abusive conditions of confinement.

The Government's motion to stay is also incompatible with the Supreme Court's mandate to "consider in the first instance the merits of petitioners' claims." *Rasul v. Bush*, 124 S. Ct. at 2699 (2004). Respondents also ignore a long line of cases emphasizing that habeas cases must be handled expeditiously.[2] A stay would cause Mr. Al-Shimrani substantial, irreparable harm.

While Petitioners are aware that this Court granted the Government's motion to stay in another Guantanamo case in November of last year, *Sadkhan v. Bush*, No. 05-CV-1487 (RMC), it has subsequently become abundantly clear that the Government's strategy is to isolate Mr. Al-Shimrani's detention from Judicial Branch scrutiny for as long as possible. Mr. Al-Shimrani respectfully requests that this Court shed light on his detention by moving to the merits phase forthwith.

## II.     Any Stay Should Expire Upon Decision by the Court of Appeals

At the very least this Court should limit the duration of any stay order until the Court of

---

[1] These documents were released under a court order entered in litigation brought under the Freedom of Information Act by civil rights, humanitarian and veterans' organizations. See American Civil Liberties Union v. Department of Defense, No. 04-CV-4151 (AKH) (S.D.N.Y.). The documents can be viewed at http://action.aclu.org/torturefoia/.

[2] *See, e.g., Preiser v. Rodriguez,* 411 U.S. 474, 495 (1973) ("The federal habeas statute provides for a swift, flexible, and summary determination."); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968) (habeas review is designed "to provide an effective and speedy instrument by which judicial inquiry may be had into the legality of the detention of a person"); *Stack v. Boyle*, 342 U.S. 1, 4 (1952)("Relief in this type of case must be speedy if it is to be effective.").

Appeals decides the pending cases and no longer. If the detainees prevail, the Government will have 90 days to petition for a writ of certiorari and there is no time limit on the Supreme Court's consideration of such a petition. At the earliest the Supreme Court would consider the cases during the October 2006 term. Even assuming expedited briefing and consideration, the Supreme Court would not likely issue a decision until sometime in 2007. In the meantime Mr. Al-Shimrani will have entered his fifth year of illegal detention. In *Landis* the Supreme Court held that a stay may not be "immoderate in extent" or "oppressive in its consequences." 299 U.S. at 256. Given the conditions of Mr. Al-Shimrani's years of incarceration and its potentially indefinite duration, it is difficult to conceive of a delay more immoderate or consequences more oppressive than to require him to wait at least another full year to proceed with his petition. In *Landis* the Supreme Court vacated a stay in a securities case intended to last through intermediate and Supreme Court appeals, holding that "relief so drastic and unusual overpasses the limits of any reasonable need...." 299 U.S. at 257. See also *Dellinger*, 442 F.2d at 785-88.

### III.    Production of Factual Return

Counsel for Petitioners conferred with counsel for Respondents regarding production of a factual return. Counsel for respondents will file a factual return pertaining to Mr. Al-Shimrani by January 27, 2006.

### CONCLUSION

For the above reasons, this Court should deny the Government's stay request in its entirety. In the alternative, the stay should be limited to resolution of the Guantanamo cases in the Court of Appeals for the D.C. Circuit.

Dated: January 11, 2006

   /s/ Martha Rayner_____
Martha Rayner (Pursuant to LCvR 83.2(g))
(NY- MR-1423)
James A. Cohen (NY- JC- 3836)

Lincoln Square Legal Services
Fordham University School of Law
33 W. 60th Street, 3rd Floor
New York, NY 10023
Telephone: (212) 636-6934
Fax: (212) 636-6923