IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MUHAMMAD ABD AL-RAHMAN AL-SHUMRANT,<br><br>Petitioner,<br><br>v.<br><br>GEORGE W. BUSH, *et al.*,<br><br>Respondents. | Civil Action No. 05-2249 (RMC) |

## DECLARATION OF TERESA A. McPALMER

Pursuant to 28 U.S.C. § 1746, I, Commander Teresa A. McPalmer, Judge Advocate General's Corps, United States Navy, hereby state that to the best of my knowledge, information, and belief, the following is true, accurate and correct:

1. I am the Legal Advisor to the Office for the Administrative Review of the Detention of Enemy Combatants at U.S. Naval Base Guantanamo Bay, Cuba (OARDEC). In that capacity I am an advisor to the Director, Combatant Status Review Tribunals.

2. I hereby certify that the documents attached hereto constitute a true and accurate copy of the portions of the record of proceedings before the Combatant Status Review Tribunal related to petitioner Muhammad Abd Al-Rahman Al-Shumrant that are suitable for public release. The portions of the record that are classified or considered law enforcement sensitive are not attached hereto or were redacted by an OARDEC staff member. This staff member also redacted information that would personally identify certain U.S. Government personnel in order to protect the personal privacy and security of those individuals.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 10 January 2006

Teresa A. McPalmer
CDR, JAGC, U. S. Navy



# Department of Defense
## Director, Combatant Status Review Tribunals

OARDEC/Ser: 0517

1 DEC 2004

From: Director, Combatant Status Review Tribunal

Subj: **REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN # 195**

Ref: (a) Deputy Secretary of Defense Order of 7 July 2004
(b) Secretary of the Navy Order of 29 July 2004

1. I concur in the decision of the Combatant Status Review Tribunal that Detainee ISN #195 meets the criteria for designation as an Enemy Combatant, in accordance with references (a) and (b).

2. This case is now considered final and the detainee will be scheduled for an Administrative Review Board.

J. M. McGARRAH
RADM, CEC, USN

Distribution:
NSC (Mr. John Bellinger)
DoS (Ambassador Prosper)
DASD-DA
JCS (J5)
SOUTHCOM (CoS)
COMJTFGTMO
OARDEC (Fwd)
CITF Ft Belvoir

UNCLASSIFIED

19 Dec 04

MEMORANDUM

From: Legal Advisor
To: Director, Combatant Status Review Tribunal

Subj: LEGAL SUFFICIENCY REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN # 195

Ref: (a) Deputy Secretary of Defense Order of 7 July 2004
(b) Secretary of the Navy Implementation Directive of 29 July 2004

Encl: (1) Appointing Order for Tribunal #15 of 12 October 2004
(2) Record of Tribunal Proceedings

1. Legal sufficiency review has been completed on the subject Combatant Status Review Tribunal in accordance with references (a) and (b). After reviewing the record of the Tribunal, I find that:

   a. The detainee was properly notified of the Tribunal process and voluntarily elected not to be present at the Tribunal.

   b. The Tribunal was properly convened and constituted by enclosure (1).

   c. The Tribunal complied with all provisions of references (a) and (b). Note that some information in exhibits R-4, R-5, R-7, and R-8 was redacted. The FBI properly certified in exhibit R-2 that the redacted information contained in exhibits R-7 and R-8 would not support a determination that the detainee is not an enemy combatant. The Recorder states that he made the redactions in exhibits R-4 and R-5 to remove the detainee's ISN and the names of those involved in interviewing the detainee.

   d. The detainee requested no witnesses or other evidence.

   e. The Tribunal's decision that detainee # 195 is properly classified as an enemy combatant was unanimous.

   f. The detainee's Personal Representative was given the opportunity to review the record of proceedings and declined to submit comments to the Tribunal.

2. The proceedings and decision of the Tribunal are legally sufficient and no corrective action is required.

3. I recommend that the decision of the Tribunal be approved and the case be considered final.

JAMES R. CRISFIELD JR.
CDR, JAGC, USN

UNCLASSIFIED



# Department of Defense
## Director, Combatant Status Review Tribunals

12 Oct 04

From: Director, Combatant Status Review Tribunals

Subj: APPOINTMENT OF COMBATANT STATUS REVIEW TRIBUNAL #15

Ref: (a) Convening Authority Appointment Letter of 9 July 2004

By the authority given to me in reference (a), a Combatant Status Review Tribunal established by "Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba" dated 29 July 2004 is hereby convened. It shall hear such cases as shall be brought before it without further action of referral or otherwise.

The following commissioned officers shall serve as members of the Tribunal:

MEMBERS:

█████████████, Colonel, U.S. Air Force; President

█████████████, Lieutenant Colonel, U.S. Air Force; Member (JAG)

█████████████ Lieutenant Commander, U.S. Navy; Member

*J. M. McGarrah (signature)*

J. M. McGARRAH
Rear Admiral
Civil Engineer Corps
United States Navy



**HEADQUARTERS, OARDEC FORWARD**
GUANTANAMO BAY, CUBA
APO AE 09360

26 October 2004

MEMORANDUM FOR DIRECTOR, CSRT

FROM: OARDEC FORWARD Commander

SUBJECT: CSRT Record of Proceedings ICO ISN# 195

1. Pursuant to Enclosure (1), paragraph (I)(5) of the *Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba* dated 29 July 2004, I am forwarding the Combatant Status Review Tribunal Decision Report for the above mentioned ISN for review and action.

2. If there are any questions regarding this package, point of contact on this matter is the undersigned at DSN ███.

CHARLES E. JAMISON
CAPT, USN

~~SECRET//NOFORN//X1~~

## (U) Combatant Status Review Tribunal Decision Report Cover Sheet

(U) This Document is UNCLASSIFIED Upon Removal of Enclosures (2) and (4).

(U) TRIBUNAL PANEL: __#15__

(U) ISN#: __195__

Ref:   (a) (U) Convening Order for Tribunal #15 of 12 Oct 2004 (U)
      (b) (U) CSRT Implementation Directive of 29 July 2004 (U)
      (c) (U) DEPSECDEF Memo of 7 July 2004 (U)

Encl:  (1) (U) Unclassified Summary of Basis for Tribunal Decision (U/~~FOUO~~)
      (2) (U) Classified Summary of Basis for Tribunal Decision (S/NF)
      (3) (U) Summary of Detainee/Witness Testimony (U/~~FOUO~~)
      (4) (U) Copies of Documentary Evidence Presented (S/NF)
      (5) (U) Personal Representative's Record Review (U/~~FOUO~~)

1. (U) This Tribunal was convened by references (a) and (b) to make a determination as to whether the detainee meets the criteria to be designated as an enemy combatant as defined in reference (c).

2. (U) On 18 Oct 2004 the Tribunal determined, by a preponderance of the evidence, that Detainee #195 is properly designated as an enemy combatant as defined in reference (c).

3. (U) In particular, the Tribunal finds that this detainee is a member of, or affiliated with, al Qaida and supported the Taliban, as more fully discussed in the enclosures.

4. (U) Enclosure (1) provides an unclassified account of the basis for the Tribunal's decision. A detailed account of the evidence considered by the Tribunal and its findings of fact are contained in enclosures (1) and (2).



, Colonel, USAF
Tribunal President

**DERV FM: Multiple Sources**   ~~SECRET//NOFORN//X1~~
**DECLASS: X1**

# UNCLASSIFIED SUMMARY OF BASIS FOR TRIBUNAL DECISION

(Enclosure (1) to Combatant Status Review Tribunal Decision Report)

TRIBUNAL PANEL:  #15
ISN #: 195

## 1. Introduction

As the Combatant Status Review Tribunal (CSRT) Decision Report indicates, the Tribunal has determined that this detainee is properly classified as an enemy combatant and is a member of, or affiliated with, al Qaida and supported the Taliban. In reaching its conclusions, the Tribunal considered both classified and unclassified information. The following is an account of the unclassified evidence considered by the Tribunal and other pertinent information. Classified evidence considered by the Tribunal is discussed in Enclosure (2) to the CSRT Decision Report.

## 2. Synopsis of Proceedings

The unclassified summary of evidence presented to the Tribunal by the Recorder indicated that the detainee is a member of, or affiliated with, al Qaida and supported the Taliban. The detainee did not participate in the Tribunal process or request any witness or additional evidence be produced. The detainee did provide a written statement, which the Personal Representative presented as exhibit D-b. Exhibit D-b provided no usable evidence.

## 3. Evidence Considered by the Tribunal

The Tribunal considered the following evidence in reaching its conclusions:

    a. Exhibits: D-a through D-b and R-1 through R-10.

## 4. Rulings by the Tribunal on Detainee Requests for Evidence or Witnesses

The Detainee did not request any witnesses; no rulings were required.

The Detainee requested no additional evidence be produced; no rulings were required.

## 5. Discussion of Unclassified Evidence

The Tribunal considered the following unclassified evidence in making its determinations:

    a. The Recorder offered Exhibits R-1 and R-2 into evidence during the unclassified portion of the proceeding. Exhibit R-1 is the Unclassified Summary of

UNCLASSIFIED//~~FOUO~~

Evidence. While this summary is helpful in that it provides a broad outline of what the Tribunal can expect to see, it is not persuasive in that it provides conclusory statements without supporting unclassified evidence. Exhibit R-2 provided no usable evidence.

    b. Since the detainee did not participate in the Tribunal process, the Tribunal relied exclusively on classified evidence in reaching its decision. A discussion of the classified evidence is found in Enclosure (2) to the Combatant Status Review Tribunal Decision Report.

## 6. Consultations with the CSRT Legal Advisor

No issues arose during the course of this hearing that required consultation with the CSRT legal advisor

## 7. Conclusions of the Tribunal

Upon careful review of all the evidence presented in this matter, the Tribunal makes the following determinations:

    a. The detainee was mentally and physically capable of participating in the proceeding. No medical or mental health evaluation was deemed necessary.

    b. The detainee understood the Tribunal proceedings. The Personal Representative (PR) advised the detainee of his rights and read the unclassified summary of the evidence to him. The detainee then told the PR that he did not want to participate in the Tribunal proceedings but wanted to provide a written statement for the PR to present to the Tribunal, exhibit D-b. The detainee did not participate in the hearing.

    c. The detainee is properly classified as an enemy combatant and is a member of, or affiliated with, al Qaida and supported the Taliban.

## 8. Dissenting Tribunal Member's report

None. The Tribunal reached a unanimous decision.

Respectfully submitted,

[signature redacted]
Colonel, USAF
Tribunal President

UNCLASSIFIED / ~~FOUO~~

**Summarized Unsworn Detainee Statement given by the Personal Representative**

[The detainee elected not to be present at this Tribunal.]

Personal Representative: I Mohammad Bin Abdul Rahman Al Shamrani, detainee in Cuba, No. 195. I tell you I don't believe in the American Justice Department and your Supreme Court. So judge me the way you like. I'm looking forward for god to judge between me and you.

## AUTHENTICATION

I certify the material contained in this transcript is a true and accurate summary of the testimony given during the proceedings.

_____
Col, USAF
Tribunal President

ISN #195
Enclosure (3)
Page 1 of 1

UNCLASSIFIED / ~~FOUO~~

# DETAINEE ELECTION FORM

Date: 12-Oct-04
Start Time: 1000
End Time: 1030

ISN#: 195

Personal Representative: ▮▮▮▮▮▮▮▮
(Name/Rank)

Translator Required? YES     Language? ARABIC

CSRT Procedure Read to Detainee or Written Copy Read by Detainee? YES

---

**Detainee Election:**

☐ Wants to Participate in Tribunal

☒ Affirmatively Declines to Participate in Tribunal

☐ Uncooperative or Unresponsive

**Personal Representative Comments:**

No witnesses. Declines to participate in tribunals.

Personal Representative: _____

Exhibit D-A

UNCLASSIFIED

**Combatant Status Review Board**

TO: Personal Representative

FROM: OIC, CSRT (27 September 2004)

Subject: Summary of Evidence for Combatant Status Review Tribunal - AL SHUMRANI, Mohammad Al Rahman.

1. Under the provisions of the Secretary of the Navy Memorandum, dated 29 July 2004, *Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base Cuba*, a Tribunal has been appointed to review the detainee's designation as an enemy combatant.

2. An enemy combatant has been defined as "an individual who was part of or supporting the Taliban or al Qaida forces, or associated forces that are engaged in hostilities against the United States or its coalition partners. This includes any person who committed a belligerent act or has directly supported hostilities in aid of enemy armed forces."

3. The United States Government has previously determined that the detainee is an enemy combatant. This determination is based on information possessed by the United States that indicates that the detainee is associated with al Qaida and the Taliban and also participated in military operations against the United States and its coalition partners.

   a. The detainee is associated with al Qaida and the Taliban:

      1. The detainee left Saudi Arabia for Bahrain on 15 June 2001.

      2. The detainee wanted to fight in Chechnya, but was told he would need military training that could best be obtained in Afghanistan.

      3. The detainee stated he attended a terrorist training camp.

      4. One of the detainee's known aliases was on a list of captured al Qaida members that was discovered on a computer hard drive associated with a senior al Qaida member.

   b. The detainee participated in military operations against the coalition.

      1. The detainee stated that while he was fighting in Afghanistan, he tried to see Usama Bin Laden.

      2. The detainee was trained in the use of a Kalishnikov rifle and hand grenades.

      3. The detainee was given about two weeks training very close to the front.

      4. The detainee stated while at the front, he carried a Kalishnikov rifle with three 30-round magazines and a few grenades.

Exhibit R1

UNCLASSIFIED

182

5. The detainee operated a hand held two-way radio, which he used to request additional supplies (Tora Bora area).

6. The detainee spent about five months at the front lines.

7. The detainee stated that when he departed Tora Bora, he and his fellow fighters surrendered their weapons to the local tribes and walked across the border.

4. The detainee has the opportunity to contest his designation as an enemy combatant. The Tribunal will endeavor to arrange for the presence of any reasonably available witnesses or evidence that the detainee desires to call or introduce to prove that he is not an enemy combatant. The Tribunal President will determine the reasonable availability of evidence or witnesses.

# Memorandum



| | | | |
|---|---|---|---|
| To : | Department of Defense<br>Office of Administrative Review<br>for Detained Enemy Combatants<br>Col. David Taylor, OIC, CSRT | Date | 09/23/2004 |
| From : | FBI GTMO<br>Counterterrorism Division<br>Asst. Gen. Counsel ▓▓▓▓ | | |
| Subject | REQUEST FOR REDACTION OF<br>NATIONAL SECURITY INFORMATION<br>▓▓▓▓▓▓▓▓ | | |

Pursuant to the Secretary of the Navy Order of 29 July 2004, Implementation of Combatant Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba, Section D, paragraph 2, the FBI requests redaction of the information herein marked[1]. The FBI makes this request on the basis that said information relates to the national security of the United States[2]. Inappropriate dissemination of said information could damage the national security of the United States and compromise ongoing FBI investigations.

CERTIFICATION THAT REDACTED INFORMATION DOES NOT SUPPORT A DETERMINATION THAT THE DETAINEE IS NOT AN ENEMY COMBATANT

The FBI certifies the aforementioned redaction contains no information that would support a determination that the detainee is not an enemy combatant.

The following documents relative to ISN 195 have been redacted by the FBI and provided to the OARDEC:

FD-302 dated 05/15/2003
FD-302 dated 05/21/2003
FD-302 dated 05/24/2003
FD-302 dated 05/29/2003

---

[1] Redactions are blackened out on the OARDEC provided FBI document.

[2] See Executive Order 12958

Exhibit R2

182

Memorandum from ▓▓▓▓▓▓ to Col. David Taylor
Re:   REQUEST FOR REDACTION, 09/23/2004

       If you need additional assistance, please contact Assistant General Counsel ▓▓▓▓▓▓▓▓▓▓), ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ or Intelligence Analyst ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Intelligence Analyst ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Statement                                              ISN 195

أنا محمد بن عبد الرحمن الشمراني ، المحتجز في كوبا رقم
١٩٥.
أقول لك أني لا أؤمن بإدارة العدل الأمريكية ومحكمتكم العليا
احكم علي أي شيء، فإني أنتظر من الله أن يحكم بيني وبينكم

محمد عبد الرحمن الشمراني

٢٨/٨/١٤٢٥ هـ
١٢/١٠/٢٠٠٤ م

Translation

I MOHAMMAD BIN ABDUL RAHMAN AL SHOMRANI
DETANEE IN CUBA NO 195
I TELL YOU I DON'T BELEAVE IN THE
AMERICAN JUSTICE DEPARTMENT AND YOUR
SUPREME COURT SO JUDGE ME THE
WAY YOU LIKE I'M LOOKING FORWARD FOR
GOD TO JUDGE BETWEEN ME AND YOU.

MOHAMMAD ABDOL RAHMAN
AL SHOMRANI
SIGNATURE
28/8/1425 H.
12/10/2004

Exhibit D-B

UNCLASSIFIED//~~FOUO~~

## Personal Representative Review of the Record of Proceedings

I acknowledge that on 20 October 2004 I was provided the opportunity to review the record of proceedings for the Combatant Status Review Tribunal involving ISN #195.

    X  I have no comments.

    ___  My comments are attached.



Name

Date: 20 OCT 04

Signature
Lieutenant Commander ▮▮▮▮ USN

ISN #195
Enclosure (5)

UNCLASSIFIED//~~FOUO~~