IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MOHAMMED ABDUL RAHMAN AL-SHIMRANI, *et al.*, <br> *Petitioners*, <br><br> v. <br><br> GEORGE W. BUSH, *et al.*, <br> *Respondents*. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 05-2249 (RMC) <br> ) <br> ) <br> ) <br> ) <br> ) Approved For Public Filing by CSO <br> ) |

**PETITIONER'S MOTION TO MODIFY MEMORANDUM ORDER OF
SEPTEMBER 15, 2006, ALLOWING A FILTER TEAM**

On June 10, 2006, Respondents discovered three Guantanamo Bay detainees deceased in their cells, presumed dead by suicide. In response, Respondents initiated an investigation into the deaths, which included seizing the legal and personal papers of all detainees at Guantanamo Bay. The seized papers contained items explicitly marked as "attorney-client privileged" and other items not so marked. Memorandum Order at 10. Respondents then moved this Court for an order permitting a "Filter Team," comprised of, *inter alia*, Department of Defense personnel, to sort through the seized papers both for relevance and for privilege. Id at 11.

Many petitioners objected and filed cross-motions seeking protection of their attorney-client and work-product privileges. Several of these motions were referred to this Court for resolution.

On Friday, September 15, 2006, this Court issued a Memorandum Order granting

1

Respondents' motion, but reserving judgment on various cross-motions, ostensibly preserving petitioners' rights to assert attorney-client privilege where appropriate. Id. Mr. Al-Shimrani seeks to move this Court for modification its order in two respects:

**1. Require Compulsory Notification to the Court and Petitioner Counsel of Any Disclosure of Privileged Material.**

The opening sentence of paragraph four of the Memorandum Order reads: "[t]he Filter Team and the Filter Litigation team shall not disclose such attorney-client communications other than to the Court, except as permitted by counsel involved in the communication or by the Court." Implicit in the command that attorney-client communications only be disclosed with permission of counsel or the court is a requirement of notification-- neither counsel nor the court could give permission without being informed of the proposed disclosures.

The same is not true of the disclosures allowed for without the Court's or counsel's permission. The next sentence of paragraph four reads: "[t]he Filter Team and the Filter Litigation Team, however, may disclose information pertaining to future events that threaten national security or involve imminent violence to the Commander, Joint Task Force-Guantanamo." On its face, this creates a broad exception that allows the disclosure of some privileged material without any requirement that counsel or the court be notified, even after the disclosure. This exception creates a lack of accountability to the court and counsel for the disclosure of privileged material. Such a broad non-disclosure exception undermines the goals of the Memorandum Order and in fact, could be used to evade the burdens it imposes.

As the Memorandum Order acknowledges, the attorney-client privilege may be the oldest privilege known to the common law. Id at 16, (citing Upjohn Co. v. United States, 449 U.S. 383,

2

389 (1981)). As the Memorandum Order also notes, the government does not deny that the attorney-client privilege exists between Guantanamo habeas petitioners and their counsel. Memorandum Order at 18. Indeed, open communication with clients is critical to the ability of counsel to effectively represent clients. Disclosure of privileged attorney-client material, without notice to counsel, could constitute an unwarranted invasion of the relationship and could hamper the effectiveness of the representation.

To remedy these issues, Mr. Al-Shimrani moves this court to add the following concluding sentence to paragraph four: "Within twenty-four hours of any materials being disclosed without court or counsel permission, Respondents will provide the Court and counsel with notice of the disclosures and the materials disclosed."

2. **Require That a Complete Accounting of All Seized, Searched or Disclosed Items be Given to the Court and Counsel at the upon Completion of the Review.**

The decision accompanying this Court's Memorandum Order describes Respondents' obligation to protect against improper disclosure and keep "meticulous records" regarding each document seized and reviewed, "including records reflecting copies made of such documents, their distribution and use, and chains of custody." Id at 27. This Court also noted the possibility of holding Kastigar-like hearings in the case of inadvertent or improper disclosure. Id (citing Kastigar v. United States, 406 U.S. 441 (1972)).

However, the Order does not compel disclosure of these detailed records to counsel or the Court, a necessary requirement for establishing full accountability. To remedy this, Mr. Al-Shimrani proposes that the following language be added to the order as paragraph six:

"The Filter Litigation Team shall provide counsel with a record of the detainee's

3

materials that were seized, reviewed, and disclosed, if applicable, upon completion of the Filter Team's review."

It should be noted that questions of accountability in these circumstances are not academic, as serious irregularities have already pervaded Respondents' seizure of detainee privileged materials. Memorandum Order at 9. First, Respondents initially represented to the Court that it was the materials from only eleven detainees that had been sorted. Id at 9. This was later contradicted by a supplementary filing, which revealed that, in fact, the materials of "approximately 155 detainees" had been searched at the time of the earlier filing. This court has noted that Respondents have already provided "inconsistent accounts" regarding the investigation and that the inquiry itself has been "scattershot and disorganized" and does not thus far "inspire confidence." Id at 11. Because of the detainees' vested and important interest in their relationship with counsel, it is critical the Filter Team be fully accountable to this Court.

**3. Require that all Attorney-Client Materials Found Unrelated to the Suicides Under Investigation Be Returned Without Delay.**

In its Memorandum Order, this Court balanced the penological interests in investigating the June 10, 2006 deaths against the invasion of the venerable attorney-client relationship that will result from a filter of privileged materials. Id at 23. This Court then took steps to ensure that the invasion of the attorney-client relationship would be minimized, such as including its cautions that Respondents keep meticulous records and its admonishments against inadvertent or improper disclosure. Id at 27. However, Mr. Al-Shimrani believes that the inclusion of one final requirement is required to more adequately minimize the intrusion—a requirement that privileged materials deemed by the Filter Team to be unrelated to the investigation into the deaths of June 10, 2006 be returned to the detainee without delay.

As discussed, the attorney-client relationship holds a venerated position in American law and is key to the effective functioning of our adversarial system. For this reason alone, we submit, it is important that respondents, our adversaries, be required to return privileged communications found not to be related to the mission of the investigation without delay. Perhaps equally important are the human consequences of an unnecessarily long seizure of detainee communications. It is undisputed that a majority of Guantanamo detainees have been held for a period of months and years, and many have been held without the privilege of communication with the outside world. In these circumstances, attorney-client communications may take on particular importance, as they may not only contain discussions of matters important to pending litigation, but they may also serve as a source, perhaps the sole source, of comfort and information. Requiring the prompt return of seized privileged materials not relevant to the investigation would not only minimize the invasion of the attorney-client privilege, it would also minimize the human consequences of the investigation.

For these reasons, Mr. Al-Shimrani moves this Court to add the following language to proposed paragraph six:

"Upon completion of the Filter Team's review, all attorney-client communications found to be unrelated to the investigation into the June 10, 2006 deaths shall be returned to the detainee without delay."

Wherefore petitioner's motion for modifications to the September 15, 2006, Order should be granted and the Order should be reissued with the modifications.


Dated: New York, New York
         September 25, 2006.

5

Respectfully submitted,
Counsel for Petitioner

_____/s/_____
Martha Rayner (Pursuant to LCvR 83.20(g))
(NY-MR-1423)
Ramzi Kassem (NY-RK-3567)
James A. Cohen (NY-JC-3836)
Lincoln Square Legal Services

Fordham University School of Law
33 West 60th Street, 3d Floor
New York, New York 10023
Telephone: (212) 636-6934
Fax: (212) 636-6923

6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MOHAMMED ABDUL RAHMAN AL-SHIMRANI, *et al.*, *Petitioners*, <br><br> v. <br><br> GEORGE W. BUSH, *et al.*, *Respondents*. | ) ) ) ) ) ) ) Civil Action No. 05-2249 (RMC) ) ) ) ) ) ) |

## (PROPOSED) ORDER

IT IS HEREBY ORDERED:

1. Respondents are hereby authorized to review any attorney-client communications between a Guantanamo Bay detainee and his counsel contained within the documents and materials pertaining to the detainee that have been impounded in connection with the investigation of the Naval Criminal Investigative Service related to detainee suicides of June 10, 2006. Such review shall be conducted by a Filter Team composed of Department of Defense attorneys, intelligence, or law enforcement personnel and translators who have not taken part in, and, in the future, will not take part in, any domestic or foreign court, military commission, or combatant status tribunal or administrative review board proceedings brought by or against the detainees.

2. A Filter Litigation Team is also hereby authorized. The Filter Litigation Team shall be composed of one or more Department of Justice attorneys who shall not take part or be involved

in litigating the merits of the Guantanamo Bay detainee habeas cases or other cases brought by or against the detainees.

3.      The Filter Team may disclose such attorney-client communications to the Filter Litigation Team.

4.      The Filter Team and the Filter Litigation Team shall not disclose such attorney-client communications other than to the Court, except as permitted by counsel involved in the communication or by the Court.  The Filter Team and the Filter Litigation Team, however, may disclose information pertaining to future events that threaten national security or involve imminent violence to the Commander, Joint Task Force-Guantanamo.  Within twenty-four hours of any materials being disclosed without court or counsel permission, Respondents will provide the Court and counsel with notice of the disclosures and the materials disclosed.

5.      Filings made by the Filter Litigation Team containing or disclosing information not subject to disclosure under this Order shall be made under seal through the Court Security Officers ("CSOs" assigned to these cases.  Such filings shall contain a conspicuous notation in substantially the following form, "Filed Under Seal – Contains Privileged Information."  The CSOs shall not serve such filings on counsel for respondents, except as authorized by petitioners' counsel or the Court.

6.      The Filter Litigation Team shall provide counsel with a record of the detainee's materials that were seized, reviewed, and disclosed, if applicable, upon completion of the Filter Team's review.

7.      Upon completion of the Filter Team's review, all attorney-client communications found to be unrelated to the investigation into the June 10, 2006 deaths shall be returned to the detainee without delay.

**IT IS SO ORDERED**

_____
JAMES ROBERTSON
United States District Judge

Notify counsel:

MARTHA RAYNER (Pursuant to LCvR 83.20(g)) (NY-MR-1423)
RAMZI KASSEM (NY-RK-3567)
JAMES A. COHEN (NY-JC-3836)
Attorneys for Petitioner
Lincoln Square Legal Services
Fordham University School of Law
33 West 60th Street, 3d Floor
New York, New York 10023
Telephone: (212) 636-6934
Fax: (212) 636-6923


ANDREW WARDEN, ESQ.
Attorney for Respondents
20 Massachusetts Avenue NW
Room 6118
Washington, D.C. 20530
Telephone:  (202) 514-4107
Fax:  (202) 616-8470