IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MOHAMMED ABUDUL RAHMAN AL-SHIMRANI, *et al.*,<br><br>　　　　Petitioners,<br><br>　　v.<br><br>GEORGE W. BUSH,<br>President of the United States, *et al.,*<br><br>　　　　Respondents. | Civil Action No. 05-2249 (RMC) |

**RESPONDENTS' OPPOSITION TO PETITIONER'S
MOTION TO MODIFY JUDGE ROBERTSON'S
MEMORANDUM ORDER OF SEPTEMBER 15, 2006,
<u>ALLOWING A FILTER TEAM</u>**

Respondents hereby oppose petitioner's September 26, 2006 motion to modify the September 15, 2006 Memorandum Order of Judge James Robertson in this case concerning respondents' July 7, 2006 Motion for Procedures Related to Review of Certain Detainee Materials (dkt. no. 23).

As reflected in the September 15, 2006 Memorandum Order ("Memorandum Order"),[1] the Court, through Judge Robertson,[2] fully considered all of the various arguments raised by respondents and the numerous petitioners in the various Guantanamo detainee cases who opposed respondents' July 7 motion and decided to enter the order requested by the government

---

[1] The Memorandum Opinion was amended in a non-substantive fashion on September 20, 2006. *See Hicks v. Bush*, __ F. Supp. 2d ___, 2006 WL 2699305 at *1 n.1 (D.D.C. Sept. 21, 2006). Citations herein to the Memorandum Opinion are to the amended Memorandum Opinion.

[2] Respondents' July 7 Motion was transferred to Judge Robertson for disposition. *See* Order (dkt. no. 28).

"without filigree." Memorandum Order at 28 (*see* 2006 WL 2699305 at *9). Petitioner's motion, nonetheless, seeks modification of the Court's Memorandum Order in three respects. Thus, at bottom, petitioner's motion seeks reconsideration of the Court's Memorandum Opinion.

A court should reconsider an interlocutory order only where "justice requires" it, in the sense that reconsideration may be appropriate when the court has "'patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court.'" *See Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (Lamberth, J.) (citing *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004)). "Errors of apprehension may include a Court's failure to consider 'controlling decisions or data that might reasonably be expected to alter the conclusion reached by the court.'" 383 F. Supp. 2d at 101 (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Importantly, "'the district court's discretion to reconsider a non-final ruling is, however, . . . subject to the caveat that where litigants have once battled for the court's decision, they should not be required, nor without good reason permitted, to battle for it again.'" 383 F. Supp. 2d at 101 (citing *In re Ski Train Fire*, 224 F.R.D. 543, 546 (S.D.N.Y. 2004) (internal quotation marks and citation omitted)). *Cf. In re Foster*, 283 B.R. 917, 920 (Bankr. E.D. Wis. 2002) (explaining that purpose of motion for reconsideration under Fed. R. Civ. P. 60(b) is "not to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been previously raised").

As explained below, the modifications sought by petitioner concern matters that were or should have been raised in the initial rounds of briefing on respondents' July 7, 2006 motion or

they otherwise do not warrant reconsideration or modification of the Memorandum Opinion. The Court, through Judge Robertson, recently rejected an attempt by another petitioner to obtain modifications to the Memorandum Order that that petitioner's counsel thought desirable. *See* Sept. 22, 2006 Minute Order in *Paracha v. Bush*, No. 04-CV-2022 (PLF). Likewise, petitioner's motion for reconsideration in this case should be denied.

     1.  Petitioner first of all asks the Court to modify the portion of its Memorandum Order providing that the Filter Team "may disclose information pertaining to future events that threaten national security or involve imminent violence to the Commander, Joint Task Force–Guantanamo," *see* Memorandum Order at 30 (*see* 2006 WL 2699305 at *10), in order to require compulsory notification to the Court and counsel of any such disclosure and the materials disclosed within 24 hours of the disclosure.  This request should be rejected.  Respondents requested the provision of the Memorandum Order complained of in their July 7 motion and included the provision in the proposed order accompanying their July 7 motion.  *See* Resps' July 7 Motion at 11 & Proposed Order ¶ 4.  Indeed, the Court granted respondents' requested order, "without filigree."  Petitioner offers no explanation why the issue he now raises could not have been addressed previously or should now be appropriately reconsidered.

     As explained in respondents' July 7 motion, the provision as ordered merely duplicates aspects of the current Access Procedures that already contemplate and require disclosure of the relevant information to JTF-Guantanamo.  *See In re Guantanamo Detainee Cases*, 344 F. Supp. 2d 174 (D.D.C. Nov. 8, 2004), Revised Procedures for Counsel Access to Detainees at the U.S. Naval Base in Guantanamo Bay, Cuba ("Access Procedures"), § VII. A., D.-F.  (Department of Defense Privilege Team permitted to disclose such information discovered in otherwise

privileged documents during classification review requested by counsel); *id.* § IX.C (petitioners' counsel required to disclose such information learned from a detainee). Those Access Procedures were approved by Senior Judge Green in *In re Guantanamo Detainee Cases*, 344 F. Supp. 2d 174 (D.D.C. Nov. 8, 2004), and have been in effect for some two years – without the notice requirement now sought by petitioner's counsel. Petitioner has not offered sufficient justification for reconsideration of the September 15, 2006 Memorandum Order to implement a departure from that regime.[3] For these reasons, petitioner's request to modify the Court's Memorandum Opinion should be rejected.

    2. Petitioner also ask the Court to require respondents to provide an accounting and record of all materials seized and reviewed by the Filter Team, and any disclosures. The Court addressed the need for record-keeping of the handling of reviewed materials in its Order, *see* Memorandum Order at 28-29 (*see* 2006 WL 2699305 at *9), given the possibility of later proceedings on the issue in particular cases, and respondents are mindful of and attentive to the concern. Petitioner's request, however, goes well beyond mere record-keeping, to create and impose a significant undertaking upon respondents, *i.e.*, that of producing an appropriate accounting to counsel in the scores of cases covered by the Court's Memorandum Order. Respondents previously raised the concerns of logistics and burden associated with any regime that requires such individualized dealings pertaining to scores of cases, without a specific and appropriate need for such an approach (*e.g.*, in any *Kastigar*-like proceeding). *See* Resps' Reply

---

    [3] In addition, given the nature of the disclosure permitted, that is, respecting "future events that threaten national security or involve imminent violence," it is conceivable that in any particular situation, the compulsory disclosure to counsel within 24 hours of any disclosure, which petitioner seeks, could itself create risks to national security or endanger the government's ability to counter a threat of imminent violence.

in Support of July 7 Motion (filed July 28, 2006) at 24-25.  Petitioner provides no convincing reason for now revisiting the matter and modifying the framework adopted by the Court. Respondents are operating under a regime that precludes disclosure of attorney-client communications without the consent of petitioner's counsel or the Court.  *See* Memorandum Order at 30 (*see* 2006 WL 2699305 at *10).  Furthermore, petitioner's accounting proposal fails to take account of the fact that many, if not most, of the materials subject to Filter Team review are likely not attorney-client communications and, thus, are not properly the subject of judicial proceedings concerning such communications.  Accordingly, petitioner's request for modification of the Memorandum Order to require the accounting sought should be rejected.

       3.  Petitioner's final request for reconsideration of the Court's Memorandum Order seeks to modify the Order to require that attorney-client communications unrelated to the NCIS investigation be returned to detainees after Filter Team review "without delay."  This request likewise should be rejected.  It is contemplated that attorney-client materials unrelated to the investigation will, in fact, be returned to detainees.  Further, since the outset, respondents have sought an expedited resolution of the matters addressed in their July 7 Motion and are proceeding apace.  In the meantime, detainees at this time continue to have access to their counsel through visits and continue to be able to receive from counsel, and send to counsel, privileged legal mail consistent with the Protective Order entered in this and other Guantanamo cases.  This is not a situation, as petitioner's counsel seems to imply, where the detainees have been deprived of such access since the impoundment of materials at issue in the Memorandum Order.  Accordingly, petitioner's request for modification of the Memorandum Order should be rejected.

     For these reasons, the standards for reconsideration of the Court's Memorandum Order have not been met. Petitioner's attempt to take another "bite at the apple," when the issues surrounding the use of a Filter Team have been thoroughly litigated and considered, should be rejected. Accordingly, petitioner's motion to modify the Memorandum Order should be denied.

Dated: October 13, 2006                         Respectfully submitted,

                                              PETER D. KEISLER
                                              Assistant Attorney General

                                              DOUGLAS N. LETTER
                                              Terrorism Litigation Counsel

                                                /s/ *Terry M. Henry*
                                              JOSEPH H. HUNT (D.C. Bar No. 431134)
                                              VINCENT M. GARVEY (D.C. Bar No. 127191)
                                              TERRY M. HENRY
                                              JAMES J. SCHWARTZ
                                              PREEYA M. NORONHA
                                              ROBERT J. KATERBERG
                                              ANDREW I. WARDEN
                                              NICHOLAS J. PATTERSON
                                              EDWARD H. WHITE
                                              United States Department of Justice
                                              Civil Division, Federal Programs Branch
                                              20 Massachusetts Ave., N.W.
                                              Washington, DC  20530
                                              Tel:  (202) 514-4107

                                              Attorneys for Respondents