IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
MOHAMMED ABDUL RAHMAN                      )
AL SHIMRANI, et al.,                       )
                                          )
            Petitioners,                   )
                                          )
      v.                                   )      Civil Action No. 05-2249 (RMC)
                                          )
GEORGE W. BUSH,                            )
President of the United States, et al.,    )
                                          )
            Respondents.                   )
_____)

**RESPONDENTS' OPPOSITION TO MOTION FOR
RECONSIDERATION OF ORDER DISMISSING PETITION FOR
HABEAS CORPUS AND DENYING MOTION TO STAY
PROCEEDINGS AND HOLD IN ABEYANCE**

**PRELIMINARY STATEMENT**

On the basis of binding circuit precedent, this Court dismissed the present proceeding.  In

the hope that one day the Supreme Court might reverse the D.C. Circuit's ruling in *Boumediene*

*v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *cert. granted*, 75 U.S.L.W. 3707 (U.S. June 29, 2007)

(No. 06-1195), that this Court lacks jurisdiction over habeas corpus proceedings such as this one

brought by alien detainees held at Guantanamo Bay, petitioner asks the Court to reconsider its

decision to follow the law of this Circuit.  That request is baseless.

For one thing, the decision to dismiss this case was correct when it was made, and the

legal foundation for that decision has not changed since it was rendered; the law of the Circuit

that required dismissal of this case when it was dismissed remains extant and binding.  Second,

petitioner cannot meet the rigorous test that must be met to justify reconsideration of an order

such as the dismissal in this case.  The motion should be denied.

**ARGUMENT**

The facts relevant to the present motion are few and straightforward. This case has been dismissed for lack of subject matter jurisdiction. Although the Supreme Court has indicated that it intends to review the jurisdictional rule applicable to this case, at this point neither the law nor the facts pertaining to the jurisdictional issue have changed since that dismissal. Accordingly, petitioner's motion is entirely without foundation.

As this Court well knows, caselaw decided by the Court of Appeals for this Circuit makes clear that the Court lacks jurisdiction. *al-Shimrani v. Bush*, 05-2249, Order dated May 9, 2007 (dismissing this proceeding and citing *Boumediene*, as well as *Kiyemba v. Bush*, No. 05-5487, 2007 WL 964612 (D.C. Cir. Mar. 22, 2007) and *Zalita v. Bush*, No. 07-5129 (D.C. Cir. Apr. 25, 2007) (*per curiam*)). Because that caselaw has not even been reviewed by the Supreme Court or by the Court of Appeals sitting *en banc*, let alone overruled, it constitutes the law of the Circuit and is binding on this Court. *See Ayuda, Inc. v. Thornburgh*, 919 F.2d 153, 154 (D.C. Cir. 1990) (Henderson, J., concurring) ("[o]nce [an] opinion [is] released it [becomes] the law of this circuit"); *Maxwell v. Snow*, 409 F.3d 354, 358 (D.C. Cir. 2005) ("this Court is bound to follow circuit precedent until it is overruled either by an *en banc* court or the Supreme Court"); *Chambers v. United States*, 22 F.3d 939, 942 n.3 (9th Cir. 1994) ("In this circuit, once a published opinion is filed, it becomes the law of the circuit until withdrawn or reversed by the Supreme Court or an en banc court."), *vacated on other grounds*, 47 F.3d 1015 (1995).[1] Thus,

---

[1]  *See also Vo Van Chau v. Department of State,* 891 F. Supp. 650, 654 (D.D.C. 1995) ("defendants argue that this Court is not bound to follow LAVAS, since the mandate in LAVAS has not yet issued from the Court of Appeals. This argument has no merit. The District Court 'is bound by the principle of stare decisis to abide by a recent decision of one panel of [the Court of Appeals] unless the panel has withdrawn the opinion or the court en banc has overruled it.'") *(quoting*

this Court is bound by the Court of Appeals' decision, which precludes the Court from

exercising jurisdiction over petitioners' habeas cases or maintaining any orders entered in those

cases.  See 476 F.3d at 986, 994.  The Supreme Court's decision to review *Boumediene* does not

mean that *Boumediene* has already been reviewed.  It remains the law and must be followed.

*See, e.g., Robinson v. Crosby,* 358 F.3d 1281, 1284 (11th Cir. 2004) ("the grant of certiorari alone

is not enough to change the law of this circuit").

Even beyond the fact that this Court's dismissal order was in keeping with the law of the

Circuit, petitioner does not meet the standard that must be met to warrant reconsideration of the

dismissal of this case.  Petitioner recognizes, as his papers make clear, that his motion for

reconsideration may be granted only in the presence of extraordinary circumstances.  Motion for

Reconsideration of Order Dismissing Petition at 4.  *See Gonzalez v. Crosby*, 545 U.S. 524, 535

(2005) (reiterating requirement of "extraordinary circumstances" to justify reopening of final

judgment under Rule 60(b)(6)).  No extraordinary circumstances are present here to support the

present motion.

Petitioner cites his detention as the extraordinary circumstance that supposedly justifies

his motion, relying on cases that recited the fact of a party's incarceration as one fact among

many that might support the granting of a Rule 60(b)(6) motion when no other mechanism for

challenging the plaintiff's imprisonment was available.  *Ackerman v. United States*, 340 U.S. 193

(1950); *Klapprott v. United States*, 335 U.S. 601 (1949).  But those cases are inapposite.  In

*Ackerman*, the Court affirmed the denial of a Rule 60(b)(6) motion when the moving party had

---

*Association of Civilian Technicians, Montana Air Chapter v. FLRA*, 756 F.2d 172, 176
(D.C.Cir.1985)).

failed to take advantage of an opportunity to appeal from the order that he was challenging. And

as the Court explained in *Ackerman*, the *Klapprott* opinion involved an effort to open a default

judgment entered against a defendant who lacked the means to avoid the default judgment in the

first place.

Here, petitioner has – and is already taking advantage of – not one, but two mechanisms

to obtain the ultimate relief that he wants. As his papers recite, he is appealing from the order

that he is asking this Court to set aside. That appeal is, of course, to the court that decided

*Boumediene*, the case that required the entry of the dismissal order at issue. Further, petitioner

has filed a separate petition in the Court of Appeals challenging his enemy combatant status

under the Detainee Treatment Act of 2005, P.L. No.109-148, 119 Stat. 2680, 2739-45. He has

not, and cannot, demonstrate why he needs to have this Court take the extraordinary step of

reinstating his habeas case.

Petitioner cites a June 7, 2007, order entered by the D.C. Circuit in *Al Ginco v. Bush*, 06-

5191, which states (among other things) that the district court judges presiding over the

Guantanamo Bay cases involved in that appeal could, in the first instance, rule on pending

motions to dismiss and motions to stay and for abeyance. That order, however, was issued in

appeals involving issues ancillary to the underlying habeas cases there (specifically, orders

pertaining to transfers of Guantanamo detainees). The Court of Appeals, thus, merely declined

in that context to dismiss the underlying habeas cases as respondents had requested, instead

permitting the district court to consider the motions before it and to rule in accordance with

binding precedent. That is precisely what this Court did in issuing the order that petitioner now

wants to have set aside.

## CONCLUSION

For the reasons set out above, petitioner's motion should be denied.

Dated: July 20, 2007                    Respectfully submitted,

                                        PETER D. KEISLER
                                        Assistant Attorney General

                                        DOUGLAS N. LETTER
                                        Terrorism Litigation Counsel


                                         /s/ *Judry L. Subar*
                                        JOSEPH H. HUNT (D.C. Bar No. 431134)
                                        VINCENT M. GARVEY (D.C. Bar No. 127191)
                                        JUDRY L. SUBAR (D.C. Bar 347518)
                                        TERRY M. HENRY
                                        JAMES J. SCHWARTZ
                                        JEAN LIN
                                        ROBERT J. KATERBERG
                                        ANDREW I. WARDEN
                                        NICHOLAS A. OLDHAM
                                        JAMES C. LUH
                                        Attorneys
                                        United States Department of Justice
                                        Civil Division, Federal Programs Branch
                                        20 Massachusetts Ave., N.W.
                                        Washington, DC  20530
                                        Tel:  (202) 514-4938
                                        Fax:  (202) 616-8470

                                        Attorneys for Respondents