UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **MOHAMMED ABDUL RAHMAN AL SHIMRANI**, *et al.*, | ) ) ) ) |  |
| Petitioners, | ) ) |  |
| v. | ) ) | Civil Action No. 05-2249 (RMC) |
| **GEORGE WALKER BUSH**, *et al.*, | ) ) ) |  |
| Respondents. | ) ) |  |

**ORDER**

This matter comes before the Court on its *sua sponte* review of the procedural history of this matter. On May 9, 2007, this Court granted Respondents' motion to dismiss on the grounds that the Military Commissions Act of 2006 ("MCA") deprived this Court of jurisdiction over the petition. *See* [Dkt. # 48]. The Petitioners filed a Notice of Appeal challenging the May 9 Order on June 7, 2007. Shortly thereafter, on June 29, 2007, the Supreme Court granted certiorari in *Boumediene v. Bush*, 127 S. Ct. 3078 (2007). On July 9, 2007, Petitioners filed a motion under Federal Rule of Civil Procedure 60(b)(6) asking this Court to reconsider its May 9 Order in light of the Supreme Court's decision to grant certiorari in *Boumediene*. *See* Pet'rs' Mot. for Recons. [Dkt. 53]. Respondents filed an opposition, and Petitioners filed their reply. The Court improvidently granted Petitioners' Motion for Reconsideration and stayed the case pending the Supreme Court's decision in *Boumediene v. Bush*. *See* August 22, 2007 Order [Dkt. #59]. The Court will now vacate that Order and deny Petitioners' Motion for Reconsideration.

According to the Supreme Court, "a federal district court and a court of appeals should not attempt to assert jurisdiction over a cause simultaneously. The filing of a notice of appeal

is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). It follows, therefore, that all the legal issues addressed in the Court's May 9 Order are now within the jurisdiction of the D.C. Circuit. Accordingly, this Court lacks subject-matter jurisdiction to reconsider that Order.

If the Court did have jurisdiction, however, it would be inclined to grant Petitioners' motion as it has done in similar cases. *See Mousovi v. Bush*, No. 05-1124, Sept. 7, 2007 Order [Dkt. #74]. Given that the Court is inclined to grant relief from judgment, Petitioners may, if they choose, move the Court of Appeals for an order remanding the case for reconsideration of a Rule 60(b) motion. *See, e.g., Piper v. U.S. Dep't of Justice*, 374 F. Supp. 2d 73, 81 (D.D.C. 2005) (noting that the district court lacked jurisdiction to grant a Rule 60(b) motion due to notice of appeal but would likely grant the motion should the Court of Appeals remand the case).

For the foregoing reasons, it is hereby

**ORDERED** that the Court's August 22, 2007 Order granting Petitioners' Motion for Reconsideration [Dkt. #59] is **VACATED**; and it is

**FURTHER ORDERED** that Petitioners' Motion for Reconsideration [Dkt. #53] is **DENIED WITHOUT PREJUDICE** for lack of jurisdiction.

**SO ORDERED.**

```
          /s/
```
ROSEMARY M. COLLYER
United States District Judge

DATE: October 22, 2007